IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
AUG 1 2 2003
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE VILLARREAL | § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-143<br>JURY DEMAND |
| CAMERON COUNTY AND JOE ELIZARDI | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOSE VILLARREAL hereinafter referred to by name or alternatively as plaintiff, and hereby complains of defendant, CAMERON COUNTY AND JOE ELIZARDI hereinafter referred to as defendants. In pursuit of his causes of action plaintiff respectfully shows unto the Court and jury the following:

### PARTIES

1.  Plaintiff, JOSE VILLARREAL, resides at 700 Toledo Road, Brownsville Cameron County, Texas 78526.

2.  Defendant, CAMERON COUNTY, is a Texas County and may be served with process herein by serving the Honorable Gilberto Hinojosa, County Judge at 964 E. Harrison, Brownsville, Texas 78520.

3.  Defendant JOE ELIZARDI is employed with the Cameron County Sheriff's Department and may be served with process at his place of employment located at 7300 Old Alice Road, Olmito, Texas

4.  This is an action for damages to secure protections of and to redress deprivation of rights secured by The United States Constitution, Due Process Clause, and 42

U.S.C. § 1983 and § 1985.

**FACTUAL ALLEGATIONS**

5. The injuries and damages suffered by the Plaintiff and made the basis of this action occurred in Cameron County, Texas. At such time and place, JOSE VILLARREAL, was an employee of THE CAMERON COUNTY SHERIFF'S DEPARTMENT.

6. Plaintiff Jose Villarreal was employed with defendant Cameron County as a Lieutenant in the Cameron County Sheriff's Department Jail Division. On August 8, 2001, Investigator Armando Maldonado asked plaintiff if he would submit to a polygraph examination that was ordered by defendant Joe Elizardi. He was further told he was going to be asked three questions. The questions were; 1) If he had taken drugs into the jail, 2) If he knew anybody that was taking drugs into the jail; and, 3) If he had seen someone take drugs into the jail and failed to report it.

7. The plaintiff had a spotless record with defendant and was taken back by the request. He asked why he was being subjected to this and was not given a reason. After thinking about the request, plaintiff agreed to take the examination if he was told why he was being tested. The plaintiff was told he was not entitled to know why he was being tested and instructed to sign a "waiver" and take the exam.

8. Plaintiff was concerned about his job and spoke to Chief Deputy Juan Mendoza who told plaintiff he was not aware of why he was being asked to submit to a polygraph but that he should take it and get it over with. The plaintiff reiterated

he would take the test if he was told why. The plaintiff was told he would be given an explanation in a few days. The plaintiff waited a few days and did not here from anyone with the Department. He approached them again and re-asked why he was being subjected to this treatment. Rather than giving him an explanation, he was given a letter advising him that he was being terminated.

9. After plaintiff was terminated, he asked an investigator if he could find out why he was being investigated by the Sheriff's Department and the reason for the termination. He was told there was no investigation of him and defendant Elizardi was just trying to make him look bad.

**UNITED STATES CONSTITUTION CAUSES OF ACTION**

10. <u>Procedural Due Process</u> The actions of the defendants and all those acting in concert with them or at their discretion, deprived plaintiff of his Due Process rights guaranteed by the 14th Amendment which provides that "[n]o State shall...deprive any person of life, liberty, or property without due process of law." Specifically, defendants failed to give him written notice of the reasons for his termination, and an effective opportunity to rebut the reasons for the termination

11. <u>Substantive Due Process</u> The actions of the defendants and all those acting in concert with them or at their discretion, was arbitrary and not related to a legitimate governmental interest.

12. <u>Liberty Interest</u> The actions of the defendants and all those acting in concert with them or at their discretion, stigmatized plaintiff by making false and irresponsible charges against plaintiff and then failing to give him a chance to clear his name.

**SECTION 1983 AND 1985 CIVIL RIGHTS VIOLATIONS**

13. The actions of the defendants and all those acting in concert with them or at their discretion's willful violation of the due process rights of plaintiff was done under color of statute, regulation, custom, usage of the laws, within the meaning of 42 U.S.C. §§ 1983 and 1985 to the detriment of plaintiff's constitutional rights under the Constitution.

14. Specifically, defendants acting in their official capacity deprived plaintiff of due process rights by basing their decision to terminate plaintiff for exerting his constitutional rights to defend himself against false and malicious charges. Such retaliatory action by defendant were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

15. Plaintiff further asserts a cause of action against defendant Elizardi, in his individual and official capacity, for conspiracy to violate his civil rights. Defendant Elizardi conspired to illegally commit such acts that caused injury to plaintiff. Said actions were an attempt by defendant to accomplish the deprivation of plaintiff's civil rights and privileges under the equal protection of the law by taking actions in furtherance of defendant's attempt to deprive and infringe upon plaintiff's individual and respective due process rights. Defendant was aware of the wrongful nature of its acts and benefitted or intended to benefit by such actions.

**DAMAGES**

16. As a result of the incidents described above, that is made the basis of this suit, plaintiff has suffered mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of his natural life. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earning will continue long into the future. In that defendant acted with actual malice and malice, Plaintiff further requests that exemplary damages be awarded against the defendant

17. This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

18. By reason of the allegations of this petition, plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, plaintiff will show that he has employed attorneys to assist him in the prosecution of this action. A reasonable attorneys fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in the case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorneys fees to compensate the plaintiff for the attorneys fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal.

19. The plaintiff requests a jury trial.

20. WHEREFORE PREMISES CONSIDERED, plaintiff prays that this Honorable Court grant the following:

   a) Judgment against Defendant, for the relief listed above and as otherwise permitted by law;

   b) Prejudgment interest as allowed by law;

   c) Attorney and litigation fees and expenses;

   d) Interest on said judgment at the legal rate from date of judgment;

   e) For costs of suit herein;

   f) Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS

By: _____
MIGUEL SALINAS
Attorney in charge
Texas Bar No. 17534750
FEDERAL I.D. NO. 15171
803 Old Port Isabel Rd.
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax